FILED

2014 MAR 25 AM 9:00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA NICHOLSON, | Case No. CV 14-2028-UA (DUTYx) |
| Plaintiff, | |
| vs. | ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |
| MARIA LLAMAZARES, et al., | |
| Defendants. | |

The Court will remand this unlawful detainer action to state court summarily because defendant removed it improperly.

On March 17, 2014, defendant Maria Llamazares, having been sued in what appears to be a routine unlawful detainer action in California Superior Court, lodged a Notice of Removal of that action to this Court, and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, plaintiff could not have brought this action in federal court in the first place, in that defendant does not competently allege facts supplying either

diversity or federal question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Here, defendant has asserted federal question jurisdiction as her basis for removal, but the unlawful detainer action to be removed does not actually raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441; *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986) ("the question for removal jurisdiction must . . . be determined by reference to the 'well-pleaded complaint'").

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, 275 Magnolia Avenue, Long Beach, CA 90802, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

DATED: 3/21/14

HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

Sheri Pym
United States Magistrate Judge